ERNEST MEYER, PLAINTIFF-RESPONDENT, v. WILLOW LAND COMPANY, A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted January term, 1933—Decided June 17, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and CASE.

For the plaintiff-respondent, *Charles DeFazio, Jr.*

For the defendant-appellant, *Edward Griffin.*

PER CURIAM.

This is an appeal by the defendant from a judgment rendered by the Hoboken District Court in favor of the plaintiff.

Defendant was engaged in making extensive alterations and repairs to its five-story tenement house building, and plaintiff was an independent contractor engaged to rebuild the roof and to install an incinerator. While the work was in progress plaintiff, in walking from the kitchen to the hallway, was injured by stepping on a nail that was amongst some rubbish, boards and plaster on the floor. The liability charged in the state of demand against the defendant was negligence in failing to exercise reasonable care to keep the premises in a proper condition, as a result of which plaintiff was injured by stepping upon a rusty nail protruding from an unfastened piece of wood.

It is contended by the appellant that the trial court erred in denying defendant's motion for a nonsuit urged upon the ground that the plaintiff was an independent contractor who had assumed the risk; and that the court further erred in denying defendant's motion for a direction of verdict, in sup-

port of which it was submitted, amongst other reasons, that the defendant had not been shown to be guilty of negligence.

The proofs show that in the work of altering and repairing the building it was necessary that large quantities of old materials, boards, plaster and the like should be torn out. With the ripping out of the old work it was inevitable that there should be loose nails and boards containing nails. The workmen engaged by the various independent contractors throughout the undertaking and down to the time of plaintiff's injuries were continuously tearing down the old materials as they advanced with the new work, and two or three workmen employed by the defendant for the specific purpose were constantly engaged in removing these old materials from the premises. It is not demonstrated or claimed that it was practicable to keep the floors free of such materials. It was testified by the plaintiff: *"Q.* You told your counsel that he [viz., the defendant] had a couple of men cleaning but you never saw it clean? *A.* He couldn't keep it clean." The condition was known to the plaintiff who had been working on the premises for three weeks. The general condition was described by one of plaintiff's witnesses as follows: "Rubbish in the halls which had accumulated from the carpenters, plasterers and other mechanics having cause to rip out different parts of the old work, throw it on the floor, and the laborers would clean it up. In order to clean it up they would push it from room to room to the hall, and of course they would clean from the hall out." No better or more nearly standard method of removing the debris was proved. We come to the conclusion that not only was the presence upon the floor of such materials as that which caused plaintiff's injury incident to the work but that plaintiff as an independent contractor, having knowledge of the conditions, assumed the risk therefrom; and, further, that defendant was not proved to have been negligent in the performance of any duty owing to the plaintiff. The denial of defendant's motions was error.

Judgment below is reversed that a *venire de novo* may issue; costs to abide the event.